UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN


(FILED ELECTRONICALLY)


CIVIL ACTION NO.   1:20-cv-27-GNS

UNITED STATES OF AMERICA                                          PLAINTIFF


vs.


PHILLIP D. MILLER                                                DEFENDANTS
MARY R. MILLER
150 Green Acres Lane
Jamestown, KY  42629-2421

PORTFOLIO RECOVERY ASSOCIATES, LLC
*Serve*: Registered Agent
Corporation Service Company
421 West Main Street
Frankfort, KY 40601
and
*Serve*: Morgan & Pottinger, PSC
401 South Fourth Street, Suite 1200
Louisville, KY 40202
Counsel for Judgment Creditor

COLUMBIA MEDICAL EQUIPMENT, INC.
*Serve*: Registered Agent Sheldon Stephens CPA
661 Main Street
Russell Springs, KY 42642
and
*Serve*: Attorney for Judgment Creditor
Hoy P. Hodges
319 E.10th Avenue, P.O. Box 1865
Bowling Green, KY 42102

RUSSELL COUNTY HOSPITAL,
AS ASSUMED NAME FOR
RUSSELL COUNTY, KENTUCKY HOSPITAL DISTRICT HEALTH FACILITIES
*Serve*: Registered Agent Janie Landis
P.O. Box 1610, 153 Dowell Rd.
Russell Springs, KY 42642
And
*Serve*: Attorney for Judgment Creditor
Hoy P. Hodges
319 E.10th Avenue
P.O. Box 1865
Bowling Green, KY 42102

COMMONWEALTH OF KENTUCKY
*Serve*: Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601-3449

KENTUCKY HOUSING CORPORATION
*Serve*: Registered Agent Jeremy Ratliff
1231 Louisville Road
Frankfort, KY 40601

## **COMPLAINT FOR FORECLOSURE**

Plaintiff, the United States of America, states as follows:

1.      This is a mortgage foreclosure action brought by the United States of America on

behalf of its agency, the United States Department of Agriculture Rural Housing Service also

known as Rural Development and at one time known as the Farmers Home Administration

(hereinafter collectively "RHS").

2.      Jurisdiction arises under 28 U.S.C. § 1345.  Venue is proper in this judicial

division, where the subject property is located.

3.      The United States of America, through RHS, is the holder of a promissory note

("the Note") executed for value on March 31, 1994 by Defendants **Phillip D. Miller**, also known

as Phillip Dale Miller, and **Mary R. Miller** ("the Borrowers").  The principal amount of the Note

was $62,780.00, bearing interest at the rate of 6.5 percent per annum, and payable in monthly

installments as specified in the Note.  A copy of the Note is attached as **Exhibit A** and incorporated by reference as if set forth fully herein.

4.       The Note is secured by a Real Estate Mortgage (the "Mortgage") recorded on April 2, 1994, in Mortgage Book 101, Page 735, in the Office of the Clerk of Russell County, Kentucky.  Through the Mortgage, the Borrowers granted the United States through RHS a first mortgage lien against the real property including all improvements, fixtures and appurtenances thereto at 150 Green Acres Road (sometimes referred to as 150 Green Acre Road or 150 Green Acre(s) Lane), Jamestown, Russell County, Kentucky (the "Property") and described in more detail in the Mortgage.  A copy of the Mortgage is attached as **Exhibit B** and incorporated by reference as if set forth fully herein.

5.       To receive subsidies on the loan, the Borrowers signed a Subsidy Repayment Agreement authorizing RHS to recapture, upon transfer of title or non-occupancy of the Property, any subsidies granted to the Borrowers by RHS.  A copy of the Subsidy Repayment Agreement is attached as **Exhibit C** and incorporated by reference as if set forth fully herein.

6.       The Borrowers, for value, executed and delivered to RHS a Reamortization Agreement, which changed the terms of the Note, effective January 15, 2000.  Specifically, the unpaid principal and the unpaid interest were combined for a new principal amount of $67,551.17, with interest accruing at 6.5 percent per annum and monthly payments required as specified in the Reamortization Agreement.  A copy of the Reamortization Agreement is attached as **Exhibit D** and incorporated by reference as if set forth fully herein.

7.       The Borrowers, for value, executed and delivered to RHS a Reamortization Agreement, which changed the terms of the Note, effective May 15, 2007.  Specifically, the unpaid principal and the unpaid interest were combined for a new principal amount of $64,007.95, with interest accruing at 6.5 percent per annum and monthly payments required as

3

specified in the Reamortization Agreement.  A copy of the Reamortization Agreement is attached as **Exhibit E** and incorporated by reference as if set forth fully herein.

8.      The Borrowers have defaulted on the Note, Mortgage and Reamortization Agreements by failing to make payments when due.

9.      RHS has, in accordance with the loan documents, accelerated the loan and declared the entire principal balance, together with all accrued and unpaid interest and all other sums due under the loan documents, to be due and payable.  Further, RHS sent notice to the Borrowers of the default, acceleration of the loan, intent to proceed with foreclosure, and opportunity for administrative review.

10.     In accordance with the loan documents, the United States on behalf of RHS is entitled to enforce the Mortgage through this foreclosure action and to have the Property sold to pay all amounts due, together with the costs and expenses of this action.

11.     As of January 13, 2020, the United States through its entity, RHS, is owed the principal amount of $47,227.71, plus $5,113.48 in interest, $38,712.01 for reimbursement of interest credits, an escrow amount of $54.15, late charges of $97.40, and fees assessed of $1,955.06, for a total unpaid balance due of $93,159.81, with interest accruing at the daily rate of $8.7545 from January 13, 2020, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States.

12.     Defendant **Portfolio Recovery Associations LLC** may claim an interest in the Property by virtue of a notice of judgment lien recorded against Mary R. Miller on September 9, 2008 in RE Book 27, Page 48, in the Clerk's Office.  A copy of such notice is attached as **Exhibit F**.  The interest of this Defendant is inferior in rank and subordinate in priority to the United States' first mortgage lien on the Property, and the United States calls upon this

4

Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

13.     Defendants **Columbia Medical Equipment, Inc.,** and **Russell County Hospital** may claim an interest in the Property by virtue of a notice of judgment lien recorded against Philip. Miller on June 3, 2010 in RE Book 31, Page 799, in the Clerk's Office.  A copy of such notice is attached as **Exhibit G**.  The interest of these Defendants is inferior in rank and subordinate in priority to the United States' first mortgage lien on the Property, and the United States calls upon these Defendants to come forth and assert their interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

14.     Upon information and belief and according to the Kentucky Secretary of State business website, **Columbia Medical Equipment, Inc.,** was subject to administrative dissolution by the Kentucky Secretary of State on or about October 16, 2019.

15.     Defendant **Commonwealth of Kentucky** may claim an interest in the Property by virtue of a notice of lien recorded against Mary Ruth Miller on October 21, 2013 in RE Book 39, Page 738, in the Clerk's Office.  A copy of such notice is attached as **Exhibit H**.  The interest of this Defendant is inferior in rank and subordinate in priority to the United States' first mortgage lien on the Property, and the United States calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

16.     Defendant **Kentucky Housing Corporation** may claim an interest in the Property by virtue of a mortgage lien recorded against Mary Ruth Miller and Phillip D. Miller on February 27, 2017 in Mortgage Book 392, Page 484, in the Clerk's Office.  A copy of such mortgage is attached as **Exhibit I.**  The interest of this Defendant is inferior in rank and subordinate in priority to the United States' first mortgage lien on the Property, and the United

5

States calls upon this Defendant to come forth and assert its interest in or claim upon the Property, if any, and offer proof thereof, or be forever barred.

17.     The Property is indivisible and cannot be divided without materially impairing its value and the value of RHS's lien thereon.

18.     There are no other persons or entities purporting to have an interest in the Property known to the Plaintiff.

WHEREFORE, Plaintiff, the United States of America, on behalf of RHS, demands:

a.     Judgment in rem against the interests of the Defendants in the Property, in that as of January 13, 2020, the United States through its entity RHS is owed the principal amount of $47,227.71, plus $5,113.48 in interest, $38,712.01 for reimbursement of interest credits, an escrow amount of $54.15, late charges of $97.40, and fees assessed of $1,955.06, for a total unpaid balance due of $93,159.81, with interest accruing at the daily rate of $8.7545 from January 13, 2020, until the date of entry of judgment, and interest thereafter according to law, plus any additional costs, disbursements and expenses advanced by the United States;

b.     That the United States be adjudged a lien on the Property, prior and superior to any and all other liens, claims, interests and demands, except liens for unpaid real estate ad valorem taxes;

c.     That the United States' lien be enforced and the Property be sold in accordance with 28 U.S.C. §§ 2001-2003 subject to easements, restrictions and stipulations of record, but free and clear of all other liens and encumbrances except liens for any unpaid ad valorem real property taxes;

d.     That the proceeds from the sale be applied first to the costs of this action, second to any ad valorem real property taxes, if any, third to the satisfaction of the debt, interest, costs

and fees due the United States, with the balance remaining to be distributed to the parties as their liens or interests may appear;

e. That the Property be adjudged indivisible and be sold as a whole; and

f. That the United States receive any and all other lawful relief to which it may be entitled.

UNITED STATES OF AMERICA

RUSSELL M. COLEMAN
United States Attorney


s/ William F. Campbell
William F. Campbell
Katherine A. Bell
Assistant United States Attorneys
717 West Broadway
Louisville, Kentucky  40202
Phone:  502/582-5911
Fax:    502/625-7110
bill.campbell@usdoj.gov
Katherine.bell@usdoj.gov

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

1:20-cv-27-GNS

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

UNITED STATES OF AMERICA

## DEFENDANTS

PHILLIP D. MILLER, ET AL.

**(b)**  County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    RUSSELL
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)**  Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known)

## II.  BASIS OF JURISDICTION      (Place an "X" in One Box Only)

☒ 1  U.S. Government
      Plaintiff

☐ 3  Federal Question
      (U.S. Government Not a Party)

☐ 2  U.S. Government
      Defendant

☐ 4  Diversity
      (Indicate Citizenship of Parties in Item III)

## III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  NATURE OF SUIT  (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☒ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☒ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V.  ORIGIN      (Place an "X" in One Box Only)

☒ 1  Original
      Proceeding

☐ 2  Removed from
      State Court

☐ 3  Remanded from
      Appellate Court

☐ 4  Reinstated or
      Reopened

☐ 5  Transferred from
      another district
      (specify)

☐ 6  Multidistrict
      Litigation

☐ 7  Appeal to District
      Judge from
      Magistrate
      Judgment

## VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing  **(Do not cite jurisdictional statutes unless diversity)**:
28 U.S.C. SECTION 1345

Brief description of cause:
RURAL HOUSING SERVICE (RHS) f/k/a FARMERS HOME ADMINISTRATION (FmHA) FEDERAL FORECLOSURE

## VII.  REQUESTED IN
COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER F.R.C.P. 23

DEMAND $
$93,159.81

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII.  RELATED CASE(S)
IF ANY

(See instructions):

JUDGE

DOCKET NUMBER

DATE

2/11/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

TYPE OF LOAN

RH 502

*(handwritten/stamped: RESTRUCTURED & CREDITED FOR PAID)*

| STATE |
|---|
| KENTUCKY |
| COUNTY |
| RUSSELL |
| CASE NO. |
| ▓▓▓▓▓▓ |

Date ___3-31___, 19_94_.

**FOR VALUE RECEIVED**, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in _____

___1640 N. Main St., Jamestown, KY  42629___

**THE PRINCIPAL SUM OF** __**SIXTY-TWO THOUSAND, SEVEN HUNDRED & EIGHTY AND NO/100 - - - - -__

**DOLLARS ($**__62,780.00_____), plus **INTEREST** on the **UNPAID PRINCIPAL** of

___SIX & ONE-HALF___ **PERCENT (** __6-1/2__ %) **PER ANNUM**.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☒ I.   Principal and Interest payments shall be deferred. The interest accrued to ___AUG 15___, 19_94_

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in ___451 *(handwritten)*___ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $___62,861.76___ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____, 19____, through _____, 19____,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☐ III.   Payments shall not be deferred. Principal and Interest shall be paid in _____ installments as indicated in the box below:

$___374.00___ on ___SEPTEMBER 15___ 19_94_, and

$___374.00___ thereafter on the ___15TH___ of each ___MONTH___

until the **PRINCIPAL** and **INTEREST** are fully paid except that the **FINAL INSTALLMENT** of the entire indebtedness

evidenced hereby, if not sooner paid, shall be due and **PAYABLE** __THIRTY-EIGHT__ (___38___) **YEARS** from the **DATE** of this **NOTE**. The consideration herefor shall support any agreement modifying the foregoing schedule of payments.

GOVERNMENT EXHIBIT A

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time of the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the pre-payment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit else-where to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and coopera-tive rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certifica-tion," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for prop-erty purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as a nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guar-anteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations, 7 CFR Part 3017.

Presentment, protest, and notice are hereby waived.

_Phillip D. Miller_ (BORROWER)                    (SEAL)

Phillip D. Miller

_Mary R. Miller_ (CO-BORROWER)                    (SEAL)

Mary R. Miller

REAMORTIZED, NOT PAID

P. O. Box 48

Jamestown, KY  42629

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 5780.00 | 3-31-94 | (8) $ | | (15) $ | |
| (2) $17,100.00 | 6-6-94 | (9) $ | | (16) $ | |
| (3) $ 3,420.00 | 7-11-94 | (10) $ | | (17) $ | |
| (4) $ 36,480.00 | 7-22-94 | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ | |

**USDA-FmHA**
Form FmHA 427-1 KY
(Rev. 6-91)

*Position 5*

CASE NO. ████████

## REAL ESTATE MORTGAGE FOR KENTUCKY

THIS MORTGAGE is made and entered into by _____ PHILLIP D. MILLER & MARY

R. MILLER

residing in ____ RUSSELL _____ County, Kentucky, whose post office

address is ___ P.O. BOX 48, JAMESTOWN _____, Kentucky _42642__,
herein called "Borrower," and:

WHEREAS Borrower is indebted to the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, herein called the "Government," as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| 03-31-94 | 62,780.00 | 6½% | 03-31-2032 |

**This instrument also secures the recapture of any deferred principal and interest which may be granted to the borrower(s) pursuant to paragraph 502(g) of the Housing Act of 1949, as amended.**

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursu..nt to the Consolidated Farm and Rural Development Act, Title V of the Housing Act of 1949 or any other statute administered by the Farmers Home Adminstration.

And it is the purpose and intention of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower.

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby sell, convey, and assign, with general warranty, unto the Government the following property situated in the State of Kentucky,

County(ies) of ____ RUSSELL _____ :
BEGINNING on an iron pin onthe north side of Green Acres Road, thence with road N 82° 51' W 253.30 feet to an iron pin, thence leaving road with Danny Piercy and the fence N 60° 19' E 295.08 feet to an iron pin, thence leaving Piercy with a new division line across Charles McKinley S 24° 31' E 111.94 feet to an iron pin, thence S 34° 15' W 91.51 feet to the beginning, containing 0.60 acre, more or less. By survey of Michael Flanagan, RLS#2640.

BEING the same property conveyed to Phillip D. Miller & Mary R. Miller by deed from Charles W. McKinley & Jeanne McKinley dated *March 31*, 1994 and of record in Deed Book _141_, Page _398_, in the office of the Russell Co. Clerk Jamestown, Kentucky.

FmHA 427-1 KY (Rev. 6-91)

GOVERNMENT
EXHIBIT
B

being the same (or part of the same) land conveyed*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues and profits thereof and revenues and income there-from, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in-all of which are herein called "the property"; All rents, profits and income from the property covered by this mortgagee are hereby assigned to the mortagee for the purpose of discharging the debt hereby secured. Permission is hereby given to the mortgagor, so long as no default exist hereunder, to collect such rents, profits and income for use in accordance with Farmers Home Administration regulations.

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harm-less the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the pre-servation, protection, or enforcement of this lien, as advances for the account of Borrower. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government as described in this instrument, with interest, shall be immediately due and pay-able by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe, and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)   To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property. Upon termination of this mortgage, after payment in full, the mortgagee, at the mortgagor's expense, shall execute and file or record such instruments of release, satisfaction and termination in proper form pursuant to the requirements contained in KRS 382.365.

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government. (e) release portions of the property and subordinate its lien and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government--whether once or often--in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will, upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should any one of the parties named as Borrower die or be declared an incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent, or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future law.

· (18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future State laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action may be brought, (c) prescribing any other statute of limitations, (d) allowing any right of redemption or possession following any foreclosure sale, or (e) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State law. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent, dower, and curtesy.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, handicap, familial statue, age or national origin, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, handicap, familial statue, age or national origin.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(23)  Notices given hereunder shall be sent by certified mail, unless otherwise required by law, addressed, unless and until some other address is designated in a notice so given in the case of the Government to Farmers Home Administration at 333 Waller Avenue, Lexington, Kentucky 40504, and in the case of Borrower at the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(24)  If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

Given under the hand(s) and seal(s) of Borrower this _____ 31st _____ day of _____ March _____, 19 _94_.

x _Phillip D. Miller_ (SEAL)
PHILLIP D. MILLER

_Mary R. Miller_ (SEAL)
MARY R. MILLER

STATE OF KENTUCKY

COUNTY OF __RUSSELL__ } ss:

Before me, _____ David F. Smith _____, a Notary Public in and for

the County of _____ RUSSESS _____ personally appeared _____ PHILLIP D. MILLER

_____ and _____ MARY R. MILLER _____, his wife,

who acknowledged that they executed the foregoing instrument on the _____ 31st

day of _____ March _____, 19 _94_, as their free act and deed.

WITNESS my hand and official seal this _____ 31st _____ day of _March_, 19_94_.

_David F. Smith_

(SEAL)                                                               Notary Public

My commission expires: _____ 9-18-96

## PREPARER'S STATEMENT

The form of this instrument was drafted by the Office of the General Counsel of the United States Department of Agriculture, and the material in the blank spaces in the form was inserted by or under the direction of

_DAVID F. SMITH, ATTORNEY AT LAW_
_(name)_
_P.O. BOX 640, RUSSELL SPRINGS, KENTUCKY  42642_
_(address)_

_David F. Smith_
_(Signature)_

## RECORDER'S CERTIFICATE

STATE OF KENTUCKY

COUNTY OF __RUSSELL__ } ss:

I, _Bridgette P. Popplewell_, Clerk of the County Court for the County aforesaid, do certify

that the foregoing mortgage was on the _____ 2nd _____ day of _April_, 19 _94_ lodged for record

at _8:46_ o'clock _A_ M., whereupon the same, with the foregoing and this certificate, have been duly recorded in my office.

Given under my hand this _____ 2 _____ day of _April_, 19 _94_.

_Brigette Popplewell_
Clerk of _____ County Court

By _M. Stewart_, D.C.

Bk 101
PG 735

9 00

*U.S. Government Printing Office: 1991 — 556-764

FmHA Instruction 1951-I
Exhibit A

## UNITED STATES DEPARTMENT OF AGRICULTURE
## FARMERS HOME ADMINISTRATION

### Subsidy Repayment Agreement

Date of Note 03-31-94 Amount of Note $62,861.76 Date of mortgage 03-31-94

Date of Note _____  Amount of Note _____  Date of mortgage _____

Type of assistance:                        1. Interest credit /_x_/
                                           2. Homeownership Assistance
                                              Program /___/

Address of Property: _____

_____

BORROWER:   Phillip D. Miller

CO-BORROWER:  Mary R. Miller

1    This agreement entered into pursuant to 7 CFR 1951-I, between the United
States of America, acting through the Farmers Home Administration (FmHA)
(herein called "the Government") pursuant to section 521 of Title V of the
Housing Act of 1949 and the borrower(s) whose name(s) and address(es) appears
above (herein sometimes referred to as "borrower"), supplements the note(s)
from borrower to the Government as described above, and any promissory
note(s) for loans made to borrower in the future by the Government.
Such future notes, when executed, will be listed below the signature line
of this Subsidy Repayment Agreement.

2    I (we) agree to the conditions set forth in this agreement for the
repayment of the subsidy granted me (us) in the form of interest credits
or Homeownership Assistance Program (HOAP) subsidy (hereinafter called
"subsidy").

3    I (we) agree that the real property described in the mortgage(s)
listed above is pledged as security for repayment of the subsidy received
or to be received.  I (we) agree that the subsidy is due and payable upon
the transfer of title or non-occupancy of the property by me (us).  I
(we) understand that the real estate securing the loan(s) is the only
security for the subsidy received.  I (we) further understand that I (we)
will not be required to repay any of the subsidy from other than the value
(as determined by the Government) of the real estate, mortgaged by myself
(ourselves) in order to obtain a Section 502 Rural Housing (RH) loan.

(9-27-79)  SPECIAL PN

GOVERNMENT
EXHIBIT
C

FmHA Instruction 1951-I
Exhibit A
Page 2

4    I (we) understand that so long as I (we) continue to own the property
and occupy the dwelling as my (our) residence, I (we) may repay the principal
and interest owed on the loan and defer repaying the subsidy amount until
title to the property is conveyed or the dwelling is no longer occupied by
me (us).  If such a request is made, the amount of subsidy to be repaid
will be determined when the principal and interest balance is paid.  The
mortgage securing the FmHA RH loan(s) will not be released of record until
the total amount owed the Government has been repaid.

5    I (we) agree that Paragraph 6 of this agreement is null and
void should the property described in the mortgage(s) be voluntarily
conveyed to the Government or liquidated by foreclosure.

6    When the debt is satisfied by other than voluntary conveyance of the
property to the Government or by foreclosure, I (we) agree that sale
proceeds will be divided between the Government and me (us) in the
following order:

    (a)  Unpaid balance of loans secured by a prior mortgage as well as
    real estate taxes and assessments levied against the property which
    are due will be paid.

    (b)  Unpaid principal and interest owed on FmHA RH loans for the
    property and advances made by FmHA which were not subsidy and are
    still due and payable will be paid to the Government.

    (c)  I (we) will receive from the sale proceeds actual expenses
    incurred by me (us) necessary to sell the property.  These may include
    sales commissions or advertising cost, appraisal fees, legal and
    related costs such as deed preparation and transfer taxes.  Expenses
    incurred by me (us) in preparing the property for sale are not allowed
    unless authorized by the Government prior to incurring such expenses.
    Such expenses will be authorized only when FmHA determines such expenses
    are necessary to sell the property, or will likely result in a return
    greater than the expense being incurred.

    (d)  I (we) will receive the amount of principal paid off on the
    loan calculated at the promissory note interest rate.

    (e)  Any principal reduction attributed to subsidized interest
    calculations will be paid to the Government.

    (f)  I (we) will receive my original equity which is the difference
    between the market value of the security, as determined by the
    FmHA appraisal at the time the first loan subject to recapture of
    subsidy was made, and the amount of the FmHA loan(s) and any
    prior lien.  This amount is ___138.24___ and represents
    ___.00228___ percent of the market value of the security.  (The

FmHA Instruction 1951-I
Exhibit A
Page 3

percent is determined by dividing my (our) original equity by the market value of the security when the loan was closed.)  The dollar amounts and percent will be entered at the time this agreement is signed by me (us) and will be part of this agreement.

(g)  The remaining balance, after the payments described in (a) thru (f) above have been paid is called value appreciation.  The amount of value appreciation to be paid to the Government, in repayment or the subsidy granted, is the lesser of (1) the full amount of the subsidy or (2) an amount determined by multiplying the value appreciation by the appropriate factor in the following table.

Average interest rate paid by me (us)

| No. of Months the Loan was Outstanding | 1% or Less | 1.1 to 2% | 2.1 to 3% | 3.1 to 4% | 4.1 to 5% | 5.1 to 6% | 6.1 to 7% | 7.1 or greater |
|---|---|---|---|---|---|---|---|---|
| 0 to 59 | .78 | .68 | .60 | .51 | .44 | .32 | .22 | .11 |
| 60 to 119 | .75 | .66 | .58 | .49 | .42 | .31 | .21 | .11 |
| 120 to 179 | .73 | .63 | .56 | .48 | .40 | .30 | .20 | .10 |
| 180 to 239 | .65 | .56 | .49 | .42 | .36 | .26 | .18 | .09 |
| 40 to 299 | .59 | .51 | .46 | .38 | .33 | .24 | .17 | .09 |
| 300 to 359 | .53 | .45 | .40 | .34 | .29 | .21 | .14 | .09 |
| 360 to 396 | .47 | .40 | .36 | .31 | .26 | .19 | .13 | .09 |

(h)  I (we) will receive the amount of value appreciation less the amount paid the Government as determined in (g) above.  I (we) will also receive an additional amount in proportion to my original equity by reducing the amount of value appreciation due to the Government by the percent of my (our) original equity as shown in (f) above.

(i)  If I (we) am the recipient of HOAP, the amount of value appreciation to be recaptured will be calculated as if I (we) had paid 1 percent interest on the loan, unless the average interest rate paid by me (us) was greater than 1 percent.  In such cases it will be determined based on the average interest rate paid by me (us).

(j)  If this agreement is for a subsequent loan(s) only, the amount of repayment determined in (g) above will be reduced by the following percent:   N/A   .  This percent will be determined by dividing the amount of the loan(s) subject to recapture by the total outstanding RH debt.  This percentage will be entered at the time I (we) sign this agreement.

(k)  If this agreement is for more than one loan that is subject to recapture, the subsidy repayment computations will be based on the total subsidy granted on all loans.

(9-27-79)  SPECIAL PN

FmHA Instruction 1951-I
Exhibit A
Page 4

7    When a FmHA RH loan is repaid by other than foreclosure, voluntary
conveyance, or sale of property, the amount of subsidy to be repaid the
Government will be determined in the same manner as described in paragraph
6 of this Exhibit but based on the appraised value determined by FmHA
instead of sales price.  In such cases, the subsidy due the Government
will remain a lien on the property until paid.  It must be paid upon non
occupancy, sale, or transfer of title to the property.

8    I (we) have read and agree to the provisions of this agreement.

_Phillip D. Miller_ Borrower
Phillip D. Miller

_Mary R. Miller_ Co-Borrower
Mary R. Miller

08-15-94
Date signed


Accepted and Agreed to
By _Rollin Blake_          (FmHA Official)
   Rollin B. Wade
   County Supervisor          (Title)

   08-15-94
        Date


oOo

## REAMORTIZATION AGREEMENT

Account Number                                    Effective Date
                                                  January 15, 2000

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $    62861.76, plus interest on the unpaid principal of
  6.50000% per year, executed by PHILLIP D MILLER                    and
MARY R MILLER                      , (Borrower) dated    March 31, 1994
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.  The total outstanding balance is $    67551.17.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  6.50000%
per annum at $    417.84 per month beginning  February 15, 2000 and on
the 15th day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
    March 15, 2032.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.  These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

The funds shall be held by a federal agency, including Lender, or in an
institution whose deposits are insured by a federal agency,
instrumentality, or entity.  Lender shall apply funds to pay the Escrow
Items.  Lender may not charge Borrower for holding and applying the
Funds, annually analyzing the escrow account, or verifying the Escrow
Items, unless Lender pays Borrower interest on the Funds and applicable
law permits the Lender to make such charge.  However, Lender may require

GOVERNMENT
EXHIBIT
D

*BR0000096602* L9211000

borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_Phillip D. Miller_ _____ Date _2-7-00_
Borrower

_Mary R. Miller_ Date _2-7-00_
Borrower

## REAMORTIZATION AGREEMENT

Account Number                                    Effective Date
[REDACTED]                                          May 15, 2007

The United States of America, acting through the Rural Housing Service,
United States Department of Agriculture (Lender), is the owner and
holder of a promissory note or assumption agreement (Note) in the
principal sum of $    62861.76, plus interest on the unpaid principal of
6.50000% per year, executed by PHILLIP D MILLER_____ and
MARY R MILLER_____, (Borrower) dated    March 31, 1994
and payable to the order of the Lender.  The current outstanding balance
includes unpaid principal, accrued unpaid interest, unpaid advances and
fees.   The total outstanding balance is $    64007.95.

In consideration of the reamortization of the note or assumption
agreement and the promises contained in this agreement, the outstanding
balance is capitalized and is now principal to be repaid at  6.50000%
per annum at $    433.35 per month beginning    June 15, 2007 and on
the 15th day of each succeeding month until the principal
and interest are paid, except that the final installment of the
entire debt, if not paid sooner, will be due and payable on
     March 15, 2032.

If the outstanding loan balance prior to reamortization was reduced
by a payment which was later determined to be uncollectible, Rural
Housing Service will charge the account with an amount equal to the
uncollectible payments.  This amount is due and payable on the
effective date it is charged to the account and may accrue interest
at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower
shall pay to lender on the day monthly payments are due under the Note,
until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes
and assessments which may attain priority over Lender's mortgage or deed
of trust (Security Instrument) as a lien on the secured property
described in the Security Agreement (Property); (b) yearly leasehold
payments or ground rents on the Property, if any; (c) yearly hazard or
property insurance premiums; and (d) yearly flood insurance premiums, if
any.   These items are called "Escrow Items."  Lender may, at any time,
collect and hold funds in an amount not to exceed the maximum amount a
lender for a federally related mortgage loan, may require for Borrower's
escrow account under the federal Real Estate Settlement Procedures Act
of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq.
("RESPA"), unless another law or federal regulation that applies to the
funds sets a lesser amount.  If so, Lender may, at any time, collect and
hold funds in an amount not to exceed the lesser amount.  Lender may
estimate the amount of Funds due on the basis of current data and
reasonable estimates of expenditures of future Escrow Items or otherwise
in accordance with applicable law.

Miller, Phillip F May

GOVERNMENT
EXHIBIT
E

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity.  Lender shall apply funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge.  However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_____ Date 6/3/07
Borrower

_____ Date 6/3/07
Borrower

0 0 4 8

**COMMONWEALTH OF KENTUCKY**
**Russell District Court**
**08-C-00124 DIV**

PORTFOLIO RECOVERY ASSOCIATES, LLC                    PLAINTIFF/

JUDGMENT CREDITOR

vs.                 <u>NOTICE OF JUDGMENT LIEN ON REAL ESTATE</u>

Mary R Miller                                SS# XXX-XX- 6125 DEFENDANT/

Po Box 48                                      JUDGMENT DEBTOR
Jamestown KY 42629

Take notice that the Judgment Creditor herein has obtained a judgment against the Judgment Debtor in the amount of the Judgment Amount identified below and that this Notice constitutes a lien upon all real estate in Russell County in which said Judgment Debtor has any ownership interest.

| | |
|---|---|
| DATE OF JUDGMENT: | July 30, 2008 |
| JUDGMENT AMOUNT: | $2,151.84 |
| Principal Amount: | $2,151.84 |
| Interest: | $1,461.85 |
| Court Costs: | $72.81 |
| Current Balance Due: | $3,686.50 with interest calculating daily at 8% per annum. |

NOTICE TO JUDGMENT DEBTOR:    YOU MAY BE ENTITLED TO AN EXEMPTION UNDER KRS 427.060, REPRINTED BELOW. IF YOU BELIEVE YOU ARE ENTITLED TO ASSERT AN EXEMPTION, SEEK LEGAL ADVICE.

KRS 427.060:    In addition to any exemption of personal property, an individual debtor's aggregate interest, not to exceed Eighteen Thousand Four Hundred Fifty Dollars ($18,450.00) per person, in value, in real or personal property that such debtor or a dependent of such debtor uses as a permanent residence in this state, or in a burial plot for such debtor or a dependent of such debtor is exempt from sale under execution, attachment, or judgment, except to foreclose a mortage given by the owner of a homestead, or for purchasemoney due thereon.  This exemption shall not apply if the debt or liability existed prior to the purchase or the erection of the improvements thereon.
INSTRUCTIONS TO COUNTY CLERK: Pursuant to KRS 426.720, you shall immediately enter this Notice of Judgment Lien on Real Estate in the Lis Pendens Records of Russell County.  Entry shall be noted upon the original of this Notice, and a copy returned to MORGAN & POTTINGER, P.S.C. as indicated below.
CERTIFICATE OF MAILING:  The undersigned certifies that on August 15, 2008, a copy of this Notice of Judgment Lien on Real Estate was mailed by regular first-class mail, postage prepaid to the above Judgment Debtor at the last known address stated above.

THIS INSTRUMENT PREPARED BY:                    MORGAN & POTTINGER, P.S.C.

MORGAN & POTTINGER, P.S.C.                    James S. Scroghan

James S. Scroghan                              204 East Market Street
                                               Louisville, KY  40202
204 East Market Street                         *Counsel for Plaintiff/Judgment Creditor*
Louisville, KY  40202
502-560-6700
*Counsel for Plaintiff/Judgment Creditor*

<u>THIS COMMUNICATION FROM A DEBT COLLECTOR IS AN ATTEMPT TO COLLECT A DEBT</u>
<u>AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.</u>
07Y07663 - vjlx.frm -V:0

304536
Filed on:9/9/2008 9:41:07 AM
Book: RE Number: 27
Pages: 48 - 48
Lisha Popplewell ,Russell County
DC: SHARON POPPLEWELL

GOVERNMENT
EXHIBIT
**F**

CIVIL ACTION NO. 09-C-00489                    RUSSELL DISTRICT COURT

COLUMBIA MEDICAL EQUIPMENT, INC.                          PLAINTIFFS
RUSSELL COUNTY HOSPITAL

VS.                        NOTICE OF JUDGMENT LIEN

PHILLIP MILLER                                              DEFENDANT

     Notice is hereby given that in the above styled and numbered action, judgment was

obtained by the Plaintiffs against defendant, Phillip Miller, in the amount of $1958.71, plus

12% interest per annum from the judgment date of January 5, 2010, until satisfaction, plus

court costs expended therein in the amount of $137.08, in addition to attorney fees, if

provided in said judgment.

     PURSUANT TO KRS. 426.720, A JUDGMENT LIEN SHALL ATTACH TO ALL

REAL PROPERTY IN WHICH DEFENDANT(S) MAY HAVE AN INTEREST.

     This judgment creditor hereby certifies that a copy of this Notice of Judgment Lien

was on the date hereof placed in the U.S. Mail, regular first class, postage prepaid, and

addressed as follows: Mr. Phillip Miller, P.O. Box 48, Jamestown, KY 42629.

     NOTICE TO JUDGMENT DEBTOR.  You may be entitled to an exemption under

KRS 427.060, reprinted below.  If you believe you are entitled to assert an exemption, seek

legal advice.

     427.060.  Homestead and burial plot exemptions - Exceptions. - In addition to any
exemption of personal property, an individual debtor's aggregate interest, not to exceed
five thousand dollars ($5,000.00) in value, in real or personal property that such debtor or
a dependent of such debtor uses as a permanent residence in this state, or in a burial plot
for such debtor or a residence in this state, or in a burial plot for such debtor or a
dependent of such debtor is exempt from sale under execution, attachment or judgment,
except to foreclose a mortgage given by the owner of a homestead or for purchase money
due thereon.  This exemption shall not apply if the debt or liability existed prior to the

GOVERNMENT
EXHIBIT
G

purchase of the property or the erection of the improvements thereon. (1702: amend. Acts 1980, ch. 236, Section 4, effective April 9, 1980.)

This Notice of Judgment Lien shall act as a lien upon all real property in which the judgment debtor(s) has any ownership interest in this Commonwealth.

This communication is from a debt collector.

This 27 day of _____ Mm _____, 2010.

HOY P. HODGES
319 E. 10th Avenue
P.O. Box 1865
Bowling Green, KY 42102
(270)793-0065

HOY P. HODGES
Attorney for Plaintiffs

THIS INSTRUMENT PREPARED BY:

HOY P. HODGES
319 E. 10th Avenue
Bowling Green, KY 42101

HC-# 56256 - 1365063/jkt

313773
Filed on:6/3/2010 8:57:34 AM
Book: RE Number: 31
Pages: 799 - 800
Lisha Popplewell ,Russell County
DC: SHARON POPPLEWELL
Deed Tax:$0.00

### KENTUCKY HOUSING CORPORATION
### HARDEST HIT (HHF) FIVE-YEAR
### MORTGAGE

## RETURN ORIGINAL TO PREPARER

THIS REAL ESTATE MORTGAGE ("Mortgage"), entered into this 17 day of February 2017, by and between MARY RUTH MILLER & PHILLIP D MILLER ("Mortgagor," whether singular or plural), husband and wife, whose address is a 150 Green Acres Rd., Jamestown, Ky 42629  and KENTUCKY HOUSING CORPORATION, a de jure municipal corporation and political subdivision of the Commonwealth of Kentucky ("Mortgagee"), whose address is 1231 Louisville Road, Frankfort, Franklin County, Kentucky 40601.

### WITNESSETH:

WHEREAS, Mortgagor is indebted to Mortgagee for monies loaned or to be loaned to Mortgagor, as evidenced by a promissory note ("Note") of even date herewith with a principal sum up to a maximum of fifteen thousand  dollars ($15,000.00)  with interest thereon at the rate per annum provided in the Note, payable to the order of Mortgagee ("Obligations"). The maturity date of the Note is 02/17/2022.

WHEREAS, Mortgagor has received funds from Mortgagee for mortgage payment assistance through the Troubled Asset Relief Program ("TARP") funds committed to the Housing Finance Agency Innovation Fund for the Hardest Hit Housing Markets ("HHF").

NOW, THEREFORE, in order to secure payment of the Note or any renewal or extensions thereof, interest due thereon and all other obligations of Mortgagor as provided herein Mortgagor hereby grants and conveys and mortgages unto Mortgagee, with covenant of General Warranty, all of Mortgagor's right, title and interest in and to the real property situated in Russell County, Kentucky, as described on Exhibit A attached hereto and made a part hereof,  together with all rents, profits, appurtenances and improvements thereunto belonging ("Property").

Mortgagor warrants that Mortgagor is lawfully seized of the estate hereby conveyed and has the full right and power to grant, convey and mortgage the same, and that the Property is free and clear of all encumbrances except: (i) the lien of all ad valorem taxes not yet due and payable; (ii) any and all applicable zoning rules and regulations affecting the Property; (iii) all easements, restrictions and stipulations of record affecting the Property, and (iv) any mortgages and/or liens of record which are prior and superior to this Mortgage, and which mortgages have been approved by Mortgagee.

Mortgagor covenants and agrees that until the Note has been fully paid and satisfied, Mortgagor will comply with the following conditions and covenants:

Insurance. Mortgagor will keep all improvements on the Property insured against loss or damage under a fire and extended coverage insurance policy issued by an insurance company or companies acceptable to Mortgagee, in such amount as Mortgagee may require or to the extent of the full insurable value of the improvements, making such policy payable under a standard mortgage clause to Mortgagee as its interests may appear. Should Mortgagor fail to obtain or to keep in force such insurance or to pay the premiums on any policies covering the Property, Mortgagee may obtain such insurance and pay the premium or pay any premiums which are due on such policies, and any sum so paid will be secured by this Mortgage and will be repaid by Mortgagor on demand, with interest until

GOVERNMENT
EXHIBIT

I

paid at a rate of twelve percent (12%) per annum.  Mortgagor will deliver to Mortgagee not later than ten (10) days before the expiration of any such insurance policy, a renewal of such policy.

Taxes. Mortgagor will promptly pay all taxes, assessments, liens, judgments and charges now levied or hereafter levied against the Property, and should Mortgagor fail promptly to pay any such taxes, assessments, liens, judgments or charges, Mortgagee may pay such tax, assessment, lien, judgment or charge, and any sums so paid will be secured by this Mortgage and will be repaid by Mortgagor on demand, with interest until paid at a rate of twelve percent (12%) per annum.

Maintenance and Repair. Mortgagor will keep the improvements on the Property in good repair and condition and will not suffer waste thereto until the Note has been fully paid and performed, and will promptly repair or replace any of such improvements. Should Mortgagor fail to comply with this covenant, Mortgagee may cause such repairs or replacements to be effected and any cost so incurred will be secured by this Mortgage and will be repaid by Mortgagor on demand, with interest until paid at a rate of twelve percent (12%) per annum.

Prohibition on Transfer and Further Encumbrance. During the time that any of the Obligations secured by this Mortgage have not been satisfied or paid in full, any sale, transfer or voluntary encumbrance of all or any part of the Property herein conveyed, without the written consent of Mortgagee, will be deemed an event of default and Mortgagee shall have the option to declare, without notice, the entire indebtedness immediately due and payable and to proceed to enforce the lien securing it. Upon such sale or transfer of the Property by Mortgagor or any subsequent owner during the existence of the indebtedness hereby secured, Mortgagee, at Mortgagee's option, and as a condition for giving approval to such sale or transfer, will have the right to charge additional interest on the then unpaid balance due on the Note secured by this Mortgage in an amount equal to the average prevailing interest rate on first mortgages charged by lending institutions in the county where the Property is located.

Occupancy, Mortgagor's Loan Application. Mortgagor shall occupy, establish, and use the Property as Mortgagor's principal residence after the execution of this Mortgage and Mortgagor (or at least one Mortgagor, if initially more than one person are Mortgagors) shall continue to occupy the Property as Mortgagor's principal residence for the term of the Mortgage.

Mortgagor shall also be in default if Mortgagor, during the loan application process, gave materially false or inaccurate information or statements to Mortgagee (or failed to provide Mortgagee with any material information) in connection with the loan eidenced by the Note, including, but not limited to, representations concerning Mortgagor's occupancy of the Property as a principal residence.

Compliance with HHF Program Guidelines. Mortgagor must abide by all terms and conditions of Mortgagee's HHF Program ("HHF Program ") in order to be and remain eligible for assistance thereunder. The required terms and conditions are set forth on a separate Hardest Hit Fund Terms and Conditions  "Terms and Conditions") document which is issued concurrently to Mortgagor with the execution of this Mortgage. All of the terms, covenants, provisions, conditions, stipulations and agreements contained in the Terms and Conditions document are hereby made a part of this Mortgage, to the same extent and with the same force and effect as if they were fully set forth herein. Mortgagor covenants and agrees to perform the same or cause the same to be kept and performed, strictly in accordance with the terms and conditions thereof. If Mortgagor fails to abide by any of those terms and conditions, Mortgagor may be terminated from the HHF Program and the Note will become immediately due and payable.

Events of Default and Remedies. In the event Mortgagor (a) fails to pay any such tax, assessment, lien, judgment or charge, or pay any insurance premium within fifteen (15) days after the same becomes payable, or (b) fails within ten (10) days after notice of noncompliance of any other provision of this Mortgage to promptly cure such noncompliance, or (c) permits a suit to be instituted against Mortgagor for the enforcement of any lien or other encumbrance against the Property, or (d) becomes the subject of any voluntary or involuntary bankruptcy, receivership or other insolvency proceeding, or (e) fails to pay the Note or any installment thereof when due, or within any applicable grace period provided in the Note, or (f) fails to observe or perform any of the HHF Terms and Conditions, or (g) sells, transfers, or voluntarily encumbers all or any part of the Property without the written consent of Mortgagee, or (h) fails to occupy the Property as Mortgagor's principal residence, or (i) fails to observe or perform any of the other terms of the Note, or (j) gave materially false or inaccurate information or statements to Mortgagee during the loan application process (or failed to provide Mortgagee with any material information) in connection with the loan evidenced by the Note, then in any of such cases, an event of default will have occurred ("Event(s) of Default"). If an Event of Default occurs, Mortgagee may, without notice, declare all indebtedness hereby secured to be immediately due and may forthwith enforce the lien of this Mortgage; and in any such case, Mortgagee may forthwith enter on the Property, rent it out and collect and apply the rents and profits thereof first to the payment of a reasonable compensation to Mortgagee, including attorney's fees for its service enter on the Property, rent it out and collect and apply the rents and profits thereof first to the payment of a reasonable compensation to Mortgagee, including attorney's fees for its service and all costs of collection, and next to the satisfaction of the Obligations secured by this Mortgage, and such compensation and fees will become a part of the Obligations secured by this Mortgage.

Defense of Lien. If Mortgagee is required to appear in any court or tribunal to defend the title or possession of the Property, or the lien thereon, or to protect the Note or any of the other obligations secured hereby, Mortgagor or its successors in interest will pay all of the costs and expenses of such appearances, including a reasonable attorney's fee, and all such costs, expenses and attorney's fees will be part of the obligation secured hereby and will be paid by Mortgagor or its successors in interest on demand, with interest from the date such costs, expenses and attorneys fees are incurred, at a rate of twelve percent (12%) per annum.

Appointment of Receiver. In the event Mortgagee files an action to foreclose this Mortgage lien, Mortgagee will be entitled to the appointment of a receiver to take care of the Property, to collect the rents, issues and profits, to keep the Property in good repair and to apply the rents, issues and profits to the payment of the obligations secured hereby.

Non-waiver of Default. The failure or delay of Mortgagee to exercise any of its options herein provided due to any default in the payment or performance of any of the obligations secured hereby will not constitute a waiver of the right to exercise such option due to any subsequent default. Time shall be of the essence in the payment of any amounts due under the Note secured by this Mortgage and in the performance of Mortgagee's other obligations hereunder.

Assignment of Note. If Mortgagee assigns, endorses or otherwise transfers the Note, payment and performance of the obligations secured hereby will be made to and for the benefit of the holder of the Note, and the options, rights and remedies herein provided for Mortgagee may be exercised by such holder.

Payment of Attorney's Fees. If an Event of Default occurs, Mortgagor will pay all reasonable attorney's fees incurred by Mortgagee in enforcing this Mortgage.

Inspection. Mortgagee may make or cause to be made reasonable entries upon and inspections of the Property related to Mortgagee's interest in the Property, provided that Mortgagee shall give Mortgagor notice prior to any such inspection.

Waiver of Homestead. Mortgagor hereby waives all right of homestead exemption in the Property.

Future Advances; Line of Credit.  In accordance with KRS 382.520, it is acknowledged and agreed that this Mortgage secures not only the initial advances under the Note or Notes evidencing part of the Obligations but also all future advances and all other additional indebtedness, whether direct, indirect, future, contingent, or otherwise, connected with or arising out of the Note or Mortgage.  To the extent that the indebtedness evidenced by the Note or Notes evidencing part of the Obligations or any of the other obligations are deemed to be a "line of credit" pursuant to KRS 382.385, Mortgagor and Mortgagee intend that this Mortgage secure the line of credit, and the maximum credit limit of the line of credit which may be outstanding at any time or times and which is to be secured by this Mortgage is not more than fifteen thousand  dollars ($15,000.00).  It shall be a default under this Mortgage if Mortgagor requests a release, in the manner provided by KRS 382.520 and/or KRS 382.385, of any portion of the lien securing the additional indebtedness or line of credit prior to the date that all of the Obligations have been paid and the Note or Mortgage have been terminated, and Mortgagor hereby waives any and all right to request such a release to the maximum extent permitted by law.

Should Mortgagor pay and perform all the obligations secured hereby, then this conveyance will be void, and in that event, Mortgagee will, at the request and cost of Mortgagor, release this Mortgage.

*[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]*

IN TESTIMONY WHEREOF, witness the signature of Mortgagor as of the day and year first above written.

_Mary Ruth Miller_
Mortgagor's Signature

MARY RUTH MILLER
Mortgagor's Printed Name

_Phillip D Miller_
Co-Mortgagor's Signature

PHILLIP D MILLER
Co-Mortgagor's Printed Name

COMMONWEALTH OF KENTUCKY )
                                                    ) SS:
COUNTY OF ___Fayette___    )

The foregoing instrument was acknowledged before me this ___17th___ day of ___February___, 20__17__ by __Mary Ruth Miller & Phillip D. Miller__, the Mortgagor(s) stated above.

My commission expires: _April 17, 2019_

_Lori A. Cramer_
Notary Public

This Instrument Prepared By:

_Preston C. Worley, Esq._
*Without examination of title or opinion

**INSTRUMENT PREPARED BY:**
McBrayer, McGinnis, Leslie & Kirkland, PLLC
201 East Main St.  Ste. 900
Lexington, Kentucky  40507
(859) 231-8780

Exhibit A

Beginning on an iron pin on the north side of Green Acres Road; thence with road N 82 degrees 51' W 253.30 feet to an iron pin, thence leaving road with Danny Piercy and the fence N 60 degrees 19' E 295.08 feet to an iron pin; thence leaving Piercy with a new division line across Charles McKinley S 24 degrees 31' E 111.94 feet to an iron pin, thence S 34 degrees 15' W 91.51 feet to the beginning, containing 0.60 acre, more or less; Said premises being known and designated as 150 Green Acres Road, Jamestown, Kentucky; and

Being the same property conveyed to Phillip D. Miller and Mary R. Miller, husband and wife, by deed dated March 31, 1994 of record in Deed Book 141, Page 398, in the Russell County Court Clerk's Office.

4845-4870-7648, v. 1



442210
Filed on:02/27/2017 9:23:31 AM
Book: MORT Number: 392
Pages: 484 - 489
SUE POPPLEWELL BROCKMAN ,Russell County
DC: PAIGE COE
Deed Tax:$0.00

# United States District Court

__WESTERN__ __DISTRICT OF__ __KENTUCKY__

**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

PHILLIP D. MILLER
150 Green Acres Lane
Jamestown, KY  42629-2421

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

**CLERK**

2/12/2020

_____

DATE

____/s/Jessie W. Mercer_____

**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age

and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

_____

☐     Returned unexecuted:

_____

_____

_____

☐     Other (specify):

_____

_____

_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____      _____

                 Date                                Signature of Server

_____

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

<u>**WESTERN**</u> **DISTRICT OF** <u>**KENTUCKY**</u>
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

MARY R. MILLER
150 Green Acres Lane
Jamestown, KY  42629-2421

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____      2/12/2020_____
**CLERK**                                              DATE

   /s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____     _____
                        Date                                              Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

PORTFOLIO RECOVERY ASSOCIATES, LLC
*Serve*: Registered Agent
Corporation Service Company
421 West Main Street
Frankfort, KY 40601

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____
**CLERK**

2/12/2020
_____
DATE

/s/Jessie W. Mercer
_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on  _____   _____
               Date                                  Signature of Server

_____

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

_____WESTERN_____   DISTRICT OF _____KENTUCKY_____
**AT BOWLING GREEN**

United States of America                    **SUMMONS IN A CIVIL CASE**

                                    CASE NUMBER:   1:20-cv-27-GNS

                    **v.**

Phillip D. Miller, et al.


**TO:**        (Name & Address of Defendant)

        PORTFOLIO RECOVERY ASSOCIATES, LLC
        *Serve*: Morgan & Pottinger, PSC
        401 South Fourth Street, Suite 1200
        Louisville, KY 40202
        Counsel for Judgment Creditor


        **YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

            William F. Campbell
            Assistant U.S. Attorney
            United States Attorney's Office
            717 West Broadway
            Louisville, KY  40202


an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.


_____        ___2/12/2020_____
**CLERK**                                                        DATE


___/s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____        _____
               Date                                    Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

<u>__WESTERN__</u> DISTRICT OF <u>__KENTUCKY__</u>
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**  (Name & Address of Defendant)

COLUMBIA MEDICAL EQUIPMENT, INC.
*Serve*: Registered Agent Sheldon Stephens CPA
661 Main Street
Russell Springs, KY 42642

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

**CLERK**

2/12/2020
_____
DATE

__/s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐     Served personally upon the defendant.  Place where served:

_____

☐     Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐     Returned unexecuted:

_____
_____
_____

☐     Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on    _____      _____
                    Date                               Signature of Server

_____

[1]     **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

### WESTERN _____ DISTRICT OF _____ KENTUCKY
### AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:  1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

COLUMBIA MEDICAL EQUIPMENT, INC.
*Serve*: Attorney for Judgment Creditor
Hoy P. Hodges
319 E.10th Avenue, P.O. Box 1865
Bowling Green, KY 42102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          2/12/2020
**CLERK**                                   _____
                                            DATE

___/s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐    Served personally upon the defendant.  Place where served:

_____

☐    Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐    Returned unexecuted:

_____
_____
_____

☐    Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on  _____        _____
                    Date                                  Signature of Server

---

[1]    **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

**WESTERN** **DISTRICT OF** **KENTUCKY**
**AT BOWLING GREEN**

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

RUSSELL COUNTY HOSPITAL,
AS ASSUMED NAME FOR
RUSSELL COUNTY, KENTUCKY HOSPITAL DISTRICT HEALTH FACILITIES
*Serve*: Registered Agent Janie Landis
P.O. Box 1610, 153 Dowell Rd.
Russell Springs, KY 42642

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____

**CLERK**

                                   2/12/2020
                                   _____
                                   DATE

   /s/Jessie W. Mercer
_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐ Served personally upon the defendant.  Place where served:

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐ Returned unexecuted:

_____
_____
_____

☐ Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____     _____
                         Date                                               Signature of Server

_____

[1]      **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

__WESTERN__ _____ __DISTRICT OF__ _____ __KENTUCKY__
__AT BOWLING GREEN__

United States of America                    **SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**     (Name & Address of Defendant)

RUSSELL COUNTY HOSPITAL,
AS ASSUMED NAME FOR
RUSSELL COUNTY, KENTUCKY HOSPITAL DISTRICT HEALTH FACILITIES
*Serve*: Attorney for Judgment Creditor Hoy P. Hodges
319 E.10th Avenue
P.O. Box 1865
Bowling Green, KY 42102

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY 40202

an answer to the complaint which is herewith served upon you, within ____twenty-one (21)____ days after service of
this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against
you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a
reasonable period of time after service.

_____          2/12/2020_____
**CLERK**                                 DATE


__/s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and

discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____          _____
                         Date                                        Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

### WESTERN _____ DISTRICT OF _____ KENTUCKY _____
### AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

COMMONWEALTH OF KENTUCKY
*Serve*: Attorney General
700 Capital Avenue, Suite 118
Frankfort, KY 40601-3449

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within ____ twenty-one (21) ____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____     2/12/2020
**CLERK**                                                                DATE

___/s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐　Served personally upon the defendant.  Place where served:

_____

☐　Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐　Returned unexecuted:

_____
_____
_____

☐　Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

　　　　I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on _____      _____
　　　　　　　　　Date　　　　　　　　　　　　　　　　Signature of Server

_____

[1]　　**As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**

# United States District Court

### WESTERN           DISTRICT OF           KENTUCKY
### AT BOWLING GREEN

United States of America

**SUMMONS IN A CIVIL CASE**

CASE NUMBER:   1:20-cv-27-GNS

**v.**

Phillip D. Miller, et al.

**TO:**   (Name & Address of Defendant)

KENTUCKY HOUSING CORPORATION
*Serve*: Registered Agent Jeremy Ratliff
1231 Louisville Road
Frankfort, KY 40601

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name & address)

William F. Campbell
Assistant U.S. Attorney
United States Attorney's Office
717 West Broadway
Louisville, KY  40202

an answer to the complaint which is herewith served upon you, within _____twenty-one (21)_____ days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____2/12/2020_____
**CLERK**                                                                  DATE

_/s/Jessie W. Mercer_____
**(BY) DEPUTY CLERK**

# RETURN OF SERVICE

| Service of the Summons and Complaint was made by me[1] | Date |
|---|---|
| Name of Server (Print) | Title |

**Check one box below to indicate method of service**

☐   Served personally upon the defendant.  Place where served:

_____

☐   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age
and
discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____
_____

☐   Returned unexecuted:

_____
_____
_____

☐   Other (specify):

_____
_____
_____

## STATEMENT OF SERVICE FEES

| Travel  N/A | Services | Total |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the
foregoing information contained in the Return of Service of Service Fees is true and correct.

Executed on   _____        _____
                        Date                                         Signature of Server

---

[1]   **As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure**